IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI K. PRASAD,

    Plaintiff,

v.                                                                             Civil Action No. 3:17CV006

SANDRA C. NORRIS, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on May 11, 2017, the Court directed Plaintiff to file a particularized complaint. The Court explained:

> In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13–8–CMC–BHH, 2013 WL 526887, at *2–3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Moreover, in her current Complaint, Plaintiff does not identify the particular constitutional right that was violated by the defendants' conduct. In addition, Plaintiff's current allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiff's current Complaint also fails to comply with Federal Rule of Civil Procedure 8(a). That rule provides:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Plaintiff fails to identify the basis for the Court's jurisdiction and fails to provide a short and plain statement of her claim.

Accordingly, Plaintiff is DIRECTED, within fourteen (14) days of the date of entry hereof, to particularize her complaint in conformance with the following directions and in the order set forth below:

> a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:17CV006."
>
> b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why she believes each defendant is liable to her. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.
>
> c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

Plaintiff's particularized complaint must also comply with Federal Rule of Civil Procedure Rule 8(a). **<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** *See* Fed. R. Civ. P. 41(b).

Federal Rule of Civil Procedure 18(a) provides that: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Nevertheless, when a plaintiff seeks to bring multiple claims against multiple defendants, he must also satisfy Federal Rule of Civil Procedure 20 which provides:

> **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:
> 
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> 
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03cv00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). Accordingly, Plaintiff's Particularized Complaint must also comport with the joinder requirements. If Plaintiff fails to submit an appropriate Particularized Complaint that comports with the joinder requirements, the Court will drop all defendants not properly joined with the first named defendant.

Moreover, Plaintiff has many actions pending in this Court which has caused strain on the resources of the Clerk's Office. Plaintiff may not submit one single response to comport with the directives of the Court in more than one individual case. **Instead, Plaintiff must submit a separate response for each individual civil action.** If Plaintiff attempts to submit one response listing a group of case numbers, the Court will only docket that submission in the first-listed civil action on that submission. The Court will not consider the submission as a response in any other civil action.

(ECF No. 11, at 1–4 (alterations in original).)

More than fourteen (14) days have elapsed since the entry of the May 11, 2017 Memorandum Order. Plaintiff failed to submit a particularized complaint. On June 5, 2017, after the fourteen-day-period expired, Plaintiff filed a Letter entitled, "3:17CV119 & 3:17cv006 joinder request." (ECF No. 12.) In sum, Plaintiff states: "It has come to my attention that these two cases can be joindered – therefore I will- if you need a Particularized Complaint on them

3

both – joinder them together – so please be aware that is what I am working on as of this date – (5/31/17) and I will have that to you in a few days." Plaintiff fails to offer any legal authority that would allow her to "joinder" cases together.[2] In addition, the case that Plaintiff wishes to "joinder" with this case is before a different United States District Judge because Plaintiff named the undersigned as a defendant in that action. *See Prasad v. The Federal Bureau of Investigation*, No. 3:17CV119 (E.D. Va. filed Feb. 8, 2017). The Court also notes that the defendants in this action are entirely different than those named in *Prasad v. The Federal Bureau of Investigation*. Thus, the Court will not join or consolidate the two actions.

Moreover, Plaintiff has once again failed to comply with the directives of this Court. *Cf. Prasad v. Vick*, No. 3:16cv40, 2017 WL 1091785 (E.D. Va. Mar. 22, 2017), *aff'd*, --- F. App'x ----, 2017 WL 1437238 (4th Cir. Apr. 24, 2017). Although, Plaintiff's *pro se* status makes her "entitled to some deference," it does not relieve her of her duty to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted). Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

To the extent that Plaintiff believes that this action is the same or similar to another civil action, Plaintiff should file an amended complaint in the remaining open action that includes all claims and defendants that she wishes to raise claims against.

An appropriate order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: JUN 09 2017
Richmond, Virginia

---

[2] The Court assumes Plaintiff desires to consolidate the actions. Plaintiff offers no persuasive legal authority that would allow her to do so. In addition, Plaintiffs request was not made by motion, and it lacks the required written brief setting forth a concise statement of the facts, supporting reasons, and a citation of authorities as required by Rule 7(F) of the Local Civil Rules for the Eastern District of Virginia. E.D. Va. Loc. Civ. R. 7(F).

4